## Home Life Insurance Co. of America v. Insurance Workers International

*George Philip Stahl,* for plaintiff.
*Davis, Casper & Mullen,* for defendants.

HIRSH, J., December 14, 1972.—Plaintiff is a Delaware corporation doing business within the Commonwealth of Pennsylvania. Defendant, Insurance Workers International Union, is a nonprofit corporation, chartered under the laws of the Commonwealth of Pennsylvania and doing business within the Commonwealth. Defendant, Nicholas Rongione is the International Vice President of defendant Union. Insurance agents employed by plaintiff are represented by defendant Union. On or about October 31, 1972, the collective bargaining agreement between plaintiff and the Union expired; after subsequent negotiations failed to produce a new agreement, a strike was ordered by the Union. Pursuant to the Union's orders, the Insurance Union members refused to return to work and failed to return the debit collection books, which are the records of the premiums paid by policyholders and collected by said insurance agents. The agreement between plaintiff and its union member agent employes contains the following provision concerning the debit collection books:

1. Duties of Agent                    . The Agent agrees:

"   .   .   .

"(d) To keep true and correct books and records in the manner and form prescribed by the Company; that all such books and records are and shall remain the sole and exclusive property of the Company, subject to inspection and review by the Company at any and all times and to surrender them to the Company forthwith at any time upon demand, including the termination of this Agreement."

Repeated demands made by plaintiff to its employe agents for the surrender of the debit collection books were refused. Plaintiff now seeks the aid of this court to recover the books and has filed the instant complaint in equity. An agreed-to full and final hearing was held on December 12, 1972, at which time all parties appeared and testimony taken. Plaintiff seeks to compel defendant Union to order its member agents to return to it said debit collection books.

Under the terms of the agreement between the agents and plaintiff, the books remain the sole and exclusive property of plaintiff, and the agents are required to surrender them. Plaintiff has no available remedy at law and will suffer irreparable harm if said books are not returned since testimony disclosed it is unable to conduct its business without them. This chancellor and this court has the authority to compel defendant Union and its officers to order the return of said debit collection books to plaintiff.

## DECREE NISI

And now, this December 14, 1972, it is hereby ordered and decreed that defendants, Insurance Workers International Union and Nicholas Rongione,

are directed to order their members who are employed as insurance agents with plaintiff, Home Life Insurance Company of America, to return the debit collection books in their possession to plaintiff forthwith. Unless exceptions are filed to this decree nisi within 20 days after the date of notice of the filing of this adjudication by the prothonotary, the decree nisi shall be entered as a final decree.